

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-7-2009

# In Re: John Futch

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1788

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: John Futch " (2009). *2009 Decisions.* Paper 1390.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1390

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-155                                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 09-1788
_____

IN RE:

JOHN RANDALL FUTCH,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D. N.J. Civ. No. 08-cv-04378)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 9, 2009

Before: RENDELL, HARDIMAN and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 7, 2009)
_____

OPINION
_____

PER CURIAM

 In February 2009, John Futch, a prisoner at the Federal Correctional Institution at

Fort Dix, filed a petition for a writ of mandamus.  For the reasons stated below, we will

deny the petition.

 In his petition, Futch contends that the United States District Court for the District

of New Jersey failed to "process" a Bivens[1] action he claims to have filed in December 2008. Futch attaches a version of his complaint, which is marked "Copy." Futch also states that he wrote a letter to the Honorable Robert B. Kugler, in which he referred to the filing of his December Bivens action, and explained that he also sought injunctive relief. Futch requests in his mandamus petition that this Court issue an order that "his Bivens action be process in accordance to law" [sic].

We have original jurisdiction over a petition for a writ of mandamus that seeks to "confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943). The writ of mandamus is an extreme remedy that is granted only when there is no other remedy available to the petitioner and the petitioner's right to mandamus relief is clear and indisputable. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); In re Pasquariello, 16 F.3d 525, 528 (3d Cir. 1994). Futch attached to his petition a handwritten complaint which he claims he filed to initiate a Bivens action, but provides no proof of filing, stamp, or civil action number.[2] Furthermore, our search of the docket for the District Court for District of New Jersey yields no record of a Bivens

---

[1] Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[2] It is unclear what Futch means by "process." To the extent he is alleging merely that he mailed his complaint and is complaining that the District Court has yet to docket it, his petition fails because he provides no evidence that he mailed the complaint and/or that the court received it

action filed by Futch in December 2008.[3]  Because Futch has provided no evidence that he filed a <u>Bivens</u> complaint in December 2008, and because, even if he had, he filed this mandamus petition a mere two months later, we cannot conclude that he has a "clear and indisputable right" to the relief sought.  <u>See</u> <u>Madden v. Myers</u>, 102 F.3d 74, 79 (3d Cir. 1996) (discussing delay).  Therefore we will deny Futch's mandamus petition.

---

[3] A search for all cases involving Futch as a party reveals that he has filed several matters in the District Court of New Jersey.  <u>See</u> <u>Futch v. Cemero</u>, No. 08-cv-03545, <u>Futch v. McKinnon, et al</u>, No. 08-cv-03469,  <u>Futch v. Grondolsky</u>, No. 09-cv-00845, <u>Futch v. Grondolsky</u>, No. 09-cv-00778.  None of these dockets indicate that he filed a <u>Bivens</u> complaint in December 2008.